IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAR 1 6 2007

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICHARD EDMUND SURGENT, | § | Case No. 03-80806-G3-7 |
| | § | |
| Debtor. | § | |
| | | |
| ROBBYE R. WALDRON, TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Proceeding No. 07-8003 |
| | § | |
| U.S. AMERICAN RESOURCES, INC. | § | |
| AND JOHN D. OWEN, | § | |
| | § | |
| Defendants. | § | |

## TEMPORARY RESTRAINING ORDER

On March 15, 2007, the Court conducted a hearing to consider the Application for a Temporary Restraining Order filed by Robbye R. Waldron, chapter 7 trustee (the "Trustee"). The Court has determined that a temporary restraining order should be issued for the reasons set forth below.

Based on a review of the affidavits and pleadings submitted by the Trustee, the Court makes the following findings:

It clearly appears from the following facts shown by the affidavits and pleadings filed by the Trustee that the estate will suffer immediate and irreparable injury, loss or damage if a temporary restraining order is not issued.

If the Trustee's allegations are sustained, the defendants are engaged in an ongoing effort to misappropriate estate assets and are in wrongful possession of estate property.

Based on the affidavits and pleadings filed by the Trustee, there is a substantial likelihood that the Trustee will prevail on the merits.

The balancing of interests favors the Trustee. No harm will be incurred by the defendants by preserving the *status quo* and requiring parties to comply with the law.

The public interest favors the issuance of the temporary restraining order. It is in the public interest to protect parties from illegal acts and to prevent the loss of valuable assets.

The following property is hereby referred to as the Estate Mining Property:

| Claim Name | Patent No. | Patent Issue Date | Mineral Survey | Mineral Certificate | Record Date | Book | Page |
|---|---|---|---|---|---|---|---|
| Niagara | 18634 | 10-06-1891 | 880 | 191 | 12-19-1891 | 30 | 484 |
| Ohio | 27181 | 06-23-1896 | 1190 | 288 | 03-18-1897 | 41 | 107 |
| Golden Eagle | 27227 | 07-03-1896 | 1191 | 289 | 03-18-1897 | 41 | 100 |
| Rich Quartz | 27182 | 06-23-1896 | 1192 | 291 | 03-18-1897 | 41 | 97 |
| Incline | 27228 | 07-03-1896 | 1193 | 290 | 03-18-1897 | 41 | 94 |
| Excelcior or Excelsior | 21242 | 05-11-1892 | 921 | 218 | 02-14-1894 | 33 | 620 |
| Why Not | 18636 | 10-06-1891 | 882 | 193 | 12-19-1891 | 30 | 493 |

The following property is hereby referred to as the Old State Mining Claim:

The mining claim conveyed by Order entered February 15, 2005 known as the Old State mining claim, mineral survey #1189 and all improvements thereon.

### ACCORDINGLY, IT IS ORDERED THAT:

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure, U.S. American Resources, Inc. and John D. Owen are hereby restrained and ordered as follows:

1. U.S. American Resources, Inc., John D. Owen, their agents and representatives are prohibited from (i) entering onto the Estate Mining Property or the Old State Mining Claim; (ii) conducting any operations on the Estate Mining Property or the Old State Mining Claim; (iii) removing any minerals, equipment or other property located on the Estate Mining Property or the Old State Mining Claim; or (iv) taking any action against Estate Mining Property or the Old State Mining Claim including (a) selling, offering for sale, or entering into any contract for minerals derived from the Estate Mining Property or the Old State Mining Claim; (b) representing that they are owners or managers of the Estate Mining Property or the Old State Mining Claim; (c) terminating, canceling, or modifying any lease, contract, agreement or service, including utilities, related to the Estate Mining Property or the Old State Mining Claim; (d) spending, transferring or otherwise secreting any revenues derived from the Estate Mining Property or the Old State Mining Claim; (e) disposing of any documents or records including electronic records in any way related to the Estate Mining Property or the Old State Mining Claim; (f) transferring, removing or disposing of fixtures, equipment or other improvements located at the Estate Mining Property or the Old State Mining Claim; or (g) blocking access to the Estate Mining Property or the Old State Mining Claim.

2. U.S. American Resources, Inc. and John D. Owen shall immediately turnover (i) all documents and records, including electronic records, in any way related to the Estate Mining Property or the Old State Mining Claim, including all leases, invoices, receipts, property tax records, maintenance records, checks and receipts, wire transfer advices, and any contracts or documents related in any way to the Estate Mining Property or the Old State Mining Claim; and (ii) all gross receipts and gross revenues generated from the Estate Mining Property or the Old

State Mining Claim, including all cash, checks and other negotiable instruments, notes, money orders, bank accounts and other accounts containing funds or revenues derived from the Estate Mining Property or the Old State Mining Claim. The foregoing shall be delivered to David R. Jones, Porter & Hedges, L.L.P., 1000 Main Street, 36th Floor, Houston, Texas within ~~48 hours~~ of the issuance of this Order. *[handwritten: 7c]*

3. This temporary restraining order will expire on *Apr. 12* ~~, 2007 at~~ *[handwritten: 7 days — the parties have agreed to continuation of this TRO beyond ten days]* ~~.m.;~~

4. A hearing on whether a preliminary injunction should be issued will be conducted at *2* p.m. on *April 12* 2007 before this Court.

5. Pursuant to Bankruptcy Rule 7065, no bond is required.

6. *[see below]*

Issued at *4:12* p.m. on March *15*, 2007.

_____
*ZZ Clark*
THE HONORABLE LETITIA Z. CLARK,
UNITED STATES BANKRUPTCY JUDGE

*6. The defendants shall be entitled to remove the equipment set forth on Trustee Exhibit 1.

Agreed:

_____
*DJR*
Counsel for the Trustee

_____
Counsel for the Defendants

Extech C-12 Jaw Crusher
Screening Plant
Rip Rap Screen
966 Front End Loader
365 Excavator
345 Excavator
769 Rock Trucks
735 Rock Trucks
Various Conveyors
Generators

TRUSTEE EXHIBIT 1