IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

APR 1 2 2007

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE: | § § | |
| RICHARD EDMUND SURGENT, | § § § | Case No. 03-80806-G3-7 |
| Debtor. | § § | |
| ROBBYE R. WALDRON, TRUSTEE | § § | |
| Plaintiff, | § § § | |
| v. | § § | Adversary Proceeding No. 07-8003 |
| U.S. AMERICAN RESOURCES, INC. AND JOHN D. OWEN, | § § § § | |
| Defendants. | § | |

## PRELIMINARY INJUNCTION AND ORDER

On April 11, 2007, the Court conducted a hearing to consider the Trustee's (i) Request for a Preliminary Injunction; and (ii) Emergency Motion for an Order of Civil Contempt Against U.S. American Resources, Inc. and John D. Owen. At the hearing, the Defendants stipulated that they had failed to comply with the Court's Temporary Restraining Order entered March 19, 2007 [Docket No. 7]. The parties further announced that an agreement had been reached. Based on a review of the affidavits and pleadings submitted by the Trustee and the stipulations of the parties, the Court finds that the entry of a preliminary injunction is appropriate.

The following property is hereby referred to as the Estate Mining Property:

| Claim Name | Patent No. | Patent Issue Date | Mineral Survey | Mineral Certificate | Record Date | Book | Page |
|---|---|---|---|---|---|---|---|
| Niagara | 18634 | 10-06-1891 | 880 | 191 | 12-19-1891 | 30 | 484 |
| Ohio | 27181 | 06-23-1896 | 1190 | 288 | 03-18-1897 | 41 | 107 |
| Golden Eagle | 27227 | 07-03-1896 | 1191 | 289 | 03-18-1897 | 41 | 100 |
| Rich Quartz | 27182 | 06-23-1896 | 1192 | 291 | 03-18-1897 | 41 | 97 |
| Incline | 27228 | 07-03-1896 | 1193 | 290 | 03-18-1897 | 41 | 94 |
| Excelcior or Excelsior | 21242 | 05-11-1892 | 921 | 218 | 02-14-1894 | 33 | 620 |
| Why Not | 18636 | 10-06-1891 | 882 | 193 | 12-19-1891 | 30 | 493 |



The following property is hereby referred to as the Old State Mining Claim:

The mining claim conveyed by Order entered February 15, 2005 known as the Old State mining claim, mineral survey #1189 and all improvements thereon.

### ACCORDINGLY, IT IS ORDERED THAT:

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure, U.S. American Resources, Inc., John D. Owen, their officers, agents, servants, employees, attorneys and other persons or entities acting in concert or participation with them or on their behalf who receive notice of this preliminary injunction are hereby enjoined and ordered as follows are hereby restrained and ordered as follows:

1. U.S. American Resources, Inc., John D. Owen, their agents and representatives are prohibited from (i) entering onto the Estate Mining Property or the Old State Mining Claim; (ii) conducting any operations on the Estate Mining Property or the Old State Mining Claim; (iii) removing any minerals, equipment or other property located on the Estate Mining Property or the Old State Mining Claim; or (iv) taking any action against Estate Mining Property or the Old State Mining Claim including (a) selling, offering for sale, or entering into any contract for minerals derived from the Estate Mining Property or the Old State Mining Claim; (b) representing that they are owners or managers of the Estate Mining Property or the Old State Mining Claim; (c) terminating, canceling, or modifying any lease, contract, agreement or service, including utilities, related to the Estate Mining Property or the Old State Mining Claim; (d) spending, transferring or otherwise secreting any revenues derived from the Estate Mining Property or the Old State Mining Claim; (e) disposing of any documents or records including electronic records in any way related to the Estate Mining Property or the Old State Mining Claim; (f) transferring, removing or disposing of fixtures, equipment or other improvements located at the Estate Mining Property or the Old State Mining Claim; or (g) blocking access to the Estate Mining Property or the Old State Mining Claim.

2. U.S. American Resources, Inc. and John D. Owen shall immediately turnover (i) all documents and records, including electronic records, in any way related to the Estate Mining Property or the Old State Mining Claim, including all leases, invoices, receipts, property tax records, maintenance records, checks and receipts, wire transfer advices, and any contracts or documents related in any way to the Estate Mining Property or the Old State Mining Claim; and (ii) all gross receipts and gross revenues generated from the Estate Mining Property or the Old State Mining Claim, including all cash, checks and other negotiable instruments, notes, money orders, bank accounts and other accounts containing funds or revenues derived from the Estate Mining Property or the Old State Mining Claim. The foregoing shall be delivered to David R. Jones, Porter & Hedges, L.L.P., 1000 Main Street, 36th Floor, Houston, Texas within 5 business days of the issuance of this Order.

3. U.S. American Resources, Inc. and John D. Owen shall immediately deposit the sum of $15,000 with the Trustee. This payment is a compensatory sanction for their contempt. Counsel for U.S. American Resources, Inc. and John D. Owen has represented that it has

received good funds and is forwarding a cashier's check payable to the Trustee by overnight delivery to be received no later than the close of business on April 13, 2007. This amount shall be credited against (i) the proceeds generated from minerals wrongfully removed by the Defendants from the Estate Mining Property or the Old State Mining Claim; and (ii) the Trustee's fees and costs incurred in connection with the prosecution of the application for TRO and the motion for contempt. The Trustee shall file a bill of costs within 20 days. The Defendants shall have 10 days to object to the Trustee's bill of costs. If no objection is filed the costs will be deemed allowed and shall be paid by the Defendants.

5. Pursuant to Bankruptcy Rule 7065, no bond is required.

Issued at 2:18 p.m. on April 12, 2007.

THE HONORABLE LETITIA Z. CLARK,
UNITED STATES BANKRUPTCY JUDGE

AGREED:

*SEE Attached*
Counsel for the Defendants

_____
Counsel for the Trustee

received good funds and is forwarding a cashier's check payable to the Trustee by overnight delivery to be received no later than the close of business on April 13, 2007. This amount shall be credited against (i) the proceeds generated from minerals wrongfully removed by the Defendants from the Estate Mining Property or the Old State Mining Claim; and (ii) the Trustee's fees and costs incurred in connection with the prosecution of the application for TRO and the motion for contempt. The Trustee shall file a bill of costs within 20 days. The Defendants shall have 10 days to object to the Trustee's bill of costs. If no objection is filed the costs will be deemed allowed and shall be paid by the Defendants.

5. Pursuant to Bankruptcy Rule 7065, no bond is required.

Issued at _____ .m. on April ____, 2007.

_____
**THE HONORABLE LETITIA Z. CLARK,
UNITED STATES BANKRUPTCY JUDGE**

**AGREED:**

_____
Counsel for the Defendants

_____
Counsel for the Trustee