IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| RICHARD EDMUND SURGENT, | § § | Case No. 03-80806-G3-7 |
| Debtor. | § | |
| ROBBYE R. WALDRON, TRUSTEE | § § | |
| Plaintiff. | § § § | |
| vs. | § § | Adversary Proceeding No. 07-8003 |
| U.S. AMERICAN RESOURCES, INC. AND JOHN D. OWEN, | § § § § | |
| Defendants. | § | |

**TRUSTEE'S SECOND MOTION FOR AN ORDER OF CIVIL CONTEMPT
AGAINST U.S. AMERICAN RESOURCES, INC. AND JOHN D. OWEN**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. THE TRUSTEE HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

To the Honorable Letitia Z. Clark,
United States Bankruptcy Judge:

Robbye R. Waldron, chapter 7 trustee for Richard Surgent, (the "Trustee"), files this Second Motion for an Order of Civil Contempt against U.S. American Resources, Inc. ("USAR") and John D. Owen ("Owen").

### Nature of the Motion

1. The Trustee seeks an order finding USAR and Owen in civil contempt for violating this Court's April 12, 2007 Preliminary Injunction and Order. Specifically, the Trustee requests that this Court (i) find USAR and Owen in civil contempt; (ii) sanction USAR and Owen the sum of not less than $25,000 as compensation to the bankruptcy estate for their contempt; (iii) incarcerate Owen until full compliance with the Court's Preliminary Injunction and Order is obtained; and (iv) impose coercive sanctions of $2,500 per day against USAR and Owen until their contempt is purged. The requested sanctions are especially appropriate as this is the second motion for contempt that the Trustee has been required to file.

### Jurisdiction and Legal Authority

2. This Court has jurisdiction over civil contempt proceedings under 28 U.S.C. § 157; 11 U.S.C. § 105 and FED. R. BANKR. P. 9020. *In re Terrebone Fuel and Lube*, 108 F.3d 609, 612-13 (5th Cir. 1997); *In re Abacus Broadcasting Corp.*, 150 B.R. 925, 928 (Bankr. W.D. Tex. 1993). A civil contempt proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). *Kellogg v. Chester*, 71 B.R. 36, 38 (N.D. Tex. 1987). A court may impose sanctions in civil contempt proceedings to compensate a party for unnecessary injuries suffered and costs incurred because of the contemptuous conduct. *United States v. United Mine Workers*, 67 S.Ct. 677, 701 (1947); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 400 (5th Cir. 1987). A civil contempt proceeding is a core matter if it arises out of the violation of an order issued in a core proceeding. *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990).

### Background

3. The debtor filed a voluntary chapter 7 case on July 3, 2003.

4. On October 26, 2006, the defendants negotiated and entered into an agreement with the Trustee for the purchase of the estate's interest in certain mining claims located in Yavapai County, Arizona. The Court approved the sale by order entered January 11, 2007.

5.  The defendants failed to close the sale yet occupied the estate's mining claims and began removing minerals, boulders and cacti. It has been previously admitted in this adversary proceeding that USAR acts at the sole instruction of Owen.

6.  On March 9, 2007, the Trustee filed this adversary seeking injunctive relief and money damages against the defendants [Docket No. 1]. The Court conducted a preliminary hearing on the Trustee's request for a temporary restraining order on March 13, 2007 [Docket No. 4]. An evidentiary hearing was scheduled for March 15, 2007.

7.  On March 15, 2007, the defendants appeared through counsel and agreed to the entry of a temporary restraining order [Docket No. 6]. The temporary restraining order was entered on March 16, 2007 [Docket No. 7]. The defendants immediately violated the Court's temporary restraining order.

8.  On March 28, 2007, the Trustee filed his Emergency Motion for an Order of Civil Contempt against USAR and Owen [Docket No. 11]. An evidentiary hearing was scheduled for April 12, 2007.

9.  On April 12, 2007, the defendants again appeared through counsel and agreed to the entry of a preliminary injunction and order [Docket No. 17]. The Court's preliminary injunction provides in part as follows:

> 1.  U.S. American Resources, Inc., John D. Owen, their agents and representatives are prohibited from (i) entering onto the Estate Mining Property or the Old State Mining Claim; (ii) conducting any operations on the Estate Mining Property or the Old State Mining Claim; (iii) removing any minerals, equipment or other property located on the Estate Mining Property or the Old State Mining Claim; or (iv) taking any action against Estate Mining Property or the Old State Mining Claim including (a) selling, offering for sale, or entering into any contract for minerals derived from the Estate Mining Property or the Old State Mining Claim; (b) representing that they are owners or managers of the Estate Mining Property or the Old State Mining Claim; (c) terminating, canceling, or modifying any lease, contract, agreement or service, including utilities, related to the Estate

Mining Property or the Old State Mining Claim; (d) spending, transferring or otherwise secreting any revenues derived from the Estate Mining Property or the Old State Mining Claim; (e) disposing of any documents or records including electronic records in any way related to the Estate Mining Property or the Old State Mining Claim; (f) transferring, removing or disposing of fixtures, equipment or other improvements located at the Estate Mining Property or the Old State Mining Claim; or (g) blocking access to the Estate Mining Property or the Old State Mining Claim.

2. U.S. American Resources, Inc. and John D. Owen shall immediately turnover (i) all documents and records, including electronic records, in any way related to the Estate Mining Property or the Old State Mining Claim, including all leases, invoices, receipts, property tax records, maintenance records, checks and receipts, wire transfer advices, and any contracts or documents related in any way to the Estate Mining Property or the Old State Mining Claim; and (ii) all gross receipts and gross revenues generated from the Estate Mining Property or the Old State Mining Claim, including all cash, checks and other negotiable instruments, notes, money orders, bank accounts and other accounts containing funds or revenues derived from the Estate Mining Property or the Old State Mining Claim. The foregoing shall be delivered to David R. Jones, Porter & Hedges, L.L.P., 1000 Main Street, 36th Floor, Houston, Texas within 5 business days of the issuance of this Order.

10. As set forth above, the defendants were required to immediately vacate the Trustee's property and deliver certain funds and documents to the Trustee no later than April 19, 2007. The defendants were also prohibited from removing any items from the Trustee's property. The Trustee has received minimal documents and no funds. The records received by the Trustee reflect that approximately $1 million in minerals were removed by the defendants. Moreover, the Trustee has learned that the defendants removed personal property, minerals and documents from the Trustee's property after the entry of the preliminary injunction. The continued violations are especially egregious in light of the defendants' purported pledge of cooperation with the Trustee and representations to this Court.

### Relief Requested

11. The Trustee requests that the Court hold USAR and Owen in civil contempt for failing to comply with this Court's April 12, 2007 preliminary injunction and order. USAR and

Owen were unambiguously ordered to refrain from certain acts and compelled to do others. USAR and Owen have intentionally failed to comply with the Court's preliminary injunction and order. No excuse exists for their continued refusal to follow the Court's directives. The continued disobedience by the defendants has had, and will continue to have a detrimental effect on the estate.

12. In a civil contempt proceeding, the moving party need only show (i) that a court order was in effect; (ii) the order required certain conduct by the respondent; and (iii) the respondent failed to comply with the court's order. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). When funds that are estate property are diverted, the Court may order the incarceration of the person responsible for the diversion, with the incarceration to terminate upon the return of the funds. *In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 254 (Bankr. S.D. Fla. 1993).

13. The Trustee requests that this Court (i) find USAR and Owen in civil contempt for their failure to comply with the Court's April 12, 2007 preliminary injunction and order; (ii) sanction USAR and Owen the sum of not less than $25,000 as compensation to the bankruptcy estate for their contempt; (iii) incarcerate Owen until full compliance is obtained with the Court's preliminary injunction and order; and (iv) impose coercive sanctions of $2,500 per day against USAR and Owen until their contempt is purged.

Accordingly, the Trustee requests that USAR and Owen be held in civil contempt as set forth above and such other relief as is just.

**Dated: September 25, 2007.**

Respectfully submitted,

**Porter & Hedges, L.L.P.**

By: _____
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (fax)

Holly T. Williamson
SBN 24003181 /S.D. Tex. No. 21759
Waldron & Schneider, L.L.P.
University Park
15150 Middlebrook Drive
Houston, Texas 77058
Phone: (281) 488-4438
Fax: (281) 488-4597
**Attorneys for the Trustee**

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail and certified mail, return receipt requested, to Steve Shaver, Friedman & Feiger, L.L.P., 5301 Spring Valley Road, Suite 200, Dallas, Texas 75254 and to registered ECF users appearing in this adversary on the 25th day of September, 2007.

_____
David R. Jones